section it is expressly provided that the inhibition against local ordinances shall not apply to cities of the first class in the following words:

"Provided that nothing in this article contained shall impair the validity or effect of any ordinances regulating the speed of motor vehicles or of any traffic regulations with regard to the operation of motor vehicles heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class."

[2] Nor is it necessary to the validity of an ordinance of a city of the first class that the city's streets should be "posted" as provided in section 299, as it is expressly provided by that section that the posting shall apply to "other cities" (meaning cities other than those of the first class, which had just been mentioned). This construction of the Motor Vehicle Law is in strict accordance with the canons of statutory construction and gives meaning and effect to all of the provisions of section 299.

The construction contended for by the appellant would render some of the provisions of the section meaningless, and from the extreme difficulty of the city of New York in complying with the provision for posting its streets it would almost make a local ordinance impossible, and it cannot be seriously contended that the legislative intent was to permit motor cars to speed through the streets of New York at any such extraordinary rate.

It may be that the present local ordinance restricts the speed unduly, as contended by the appellant; but that is a question of policy and not of law, and relief may be obtained by an amendment of the ordinance.

The judgment of conviction is affirmed.

---

(78 Misc. Rep. 710.)

### In re UNITED STATES TRUST CO. OF NEW YORK.

(Surrogate's Court, Kings County. December, 1912.)

WILLS (§ 533*)—NATURE OF ESTATE.

Where the estate after the death of a life tenant was given to testator's children in equal shares, the issue of any deceased child to take the part which his parent would have taken, a grandchild of testator whose father died before the life tenant is entitled to the entire share his father would have received.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1147; Dec. Dig. § 533.*]

In the matter of the settlement of the account of United States Trust Company of New York, trustee. Decree rendered.

Stewart & Shearer, of New York City, for petitioner.

George Ryall, of New York City, for Mary E. Wilson.

Thompson, Warren & Pelgram, of New York City, for Alice Wilson Allan.

Franklin Taylor, of New York City, special guardian, for children of Alice Wilson Allan.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

KETCHAM; S.   In the will under which this account is made, the provision to take effect upon the death of the life tenant is as follows:

"After her death I give, devise and bequeath the same to my eight children (naming them), in equal shares, the issue of any deceased child or children to represent the share which the parent would have been entitled to receive."

One of the eight, Charles L. Wilson, died before the death of the life tenant, leaving him surviving a daughter, Mrs. Allan, and her several children.

The question is presented whether Mrs. Allan is entitled to take .the entire interest to which her father would have been entitled, if living, or shall participate therein with her children.

The phrase under consideration in the will at bar may possibly be construed without recourse to the baffling expositions of the word "issue" when found in relation to the word "parent."

There is an express gift to eight children of the testator, in° equal shares; but there is no express gift over in case of the death of any of the eight.   The only intimation of such gift over is contained in the words "the issue of any deceased child or children (of the testator) to represent the share which the parent would have been entitled to receive."   While this language will be conceded to carry an estate to the issue with the same effect as if the testator had used the words "I give and devise to the issue," it still remains beyond doubt that such estate is derived only by implication, and that the inference upon which such implication arises is to be taken solely from the phrase last quoted.

The gift to be implied is affected in its nature and every detail by the whole phrase from which the gift is derived.   The only devise which the language by any suggestion yields is such as may be en-joyed in and by the act of representation.   Unless the issue "represents," he takes nothing.   It is as if the testator said, "I devise the remainder to the issue in such form of estate that he, she or they shall represent the share bestowed."   Hence, whoever shall take under the provision quoted, none may take except by representation.

The fiction of the law defining the estate which one thus takes is that the taker is the representative of the person whose place he occupies and that he succeeds to nothing but the position and rights of the one whom he represents.   In this case, as it must always be in the simple application of the doctrine, the representation which is intended to characterize the devise must be that by which a possible beneficiary takes the place of his own parent.

If, then, no one of the descendants of a deceased child of the testator may take except by the assumption of the place and interest which his immediate progenitor would have taken, the meaning of the words "issue" and "parent" becomes unimportant.   Whoever may be the "issue" contemplated by the testator, whether child or descendant of his deceased child, no such "issue" may take unless his own parent be dead, for without such death he has no one whom he can represent.

In this view, there is no room for speculation as to whether the testator measured his word "issue" by his own conception that his other word "parent" bore its narrow lexicographical meaning or included a grandparent. It cannot be said that the word "represent" was aimlessly introduced into this phrase. The presumption is to the contrary, and it is confirmed by the general rhetoric of the will and by contrast with, at least, one other phrase in which an estate is given without qualification.

The decree should provide for the payment to Mrs. Allan of the entire share to which her father would have been entitled.

Decreed accordingly.